UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JEFFREY WILKERSON AND LARRY JACKSON<br><br>*Plaintiffs-Relators*,<br><br>v.<br><br>ALLERGAN LIMITED f/k/a ALLERGAN PLC and ALLERGAN USA, INC.<br><br>*Defendants.* | Case No.: 1:22-CV-03013<br>Judge Lindsay C. Jenkins |

**DEFENDANT ALLERGAN USA, INC.'S MOTION FOR RECONSIDERATION**

Defendant Allergan USA, Inc. ("Allergan") respectfully submits this motion for partial reconsideration of the Court's memorandum opinion and order on Allergan's motion to dismiss the Third Amended Complaint (Dkt. 164, "Order") with respect to the Court's ruling that Allergan conceded that Relators had adequately pled a False Claims Act ("FCA") conspiracy between Allergan and Dr. Bierman and has therefore "waived its right to contest the sufficiency of Relators' allegation of conspiracy with Dr. Bierman at the pleading stage." Order at 48.

Allergan respectfully submits that it argued only that Relators have alleged that Relator Wilkerson entered into a *quid pro quo* agreement with Dr. Bierman to write prescriptions for Linzess and Viberzi in exchange for receiving speaker fees—an arrangement that, if true, would implicate the Anti-Kickback Statute ("AKS"). Allergan did *not* concede, and its briefs cannot be read to concede, that Relators alleged with the particularity required by Fed. R. Civ. P. 9(b) that *Allergan* entered into a conspiracy with Dr. Bierman to violate the FCA, 31 U.S.C. §3729(a)(1)(C)—a separate statute with its own requirements. If Relators choose to amend their

complaint, Allergan should be permitted to argue in a future motion to dismiss that Relators have not adequately pled the elements of an FCA conspiracy with Dr. Bierman.

Allergan has conferred with Relators, who plan to contest the motion. The parties have agreed to a briefing schedule under which any opposition by Relators will be filed by May 1, 2024, and any reply by Allergan will be filed by May 10, 2024.

## ARGUMENT

### I. Legal Standard

"Motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, but courts customarily entertain them under Rules 60(b), 59(e), or 54(b), depending on the stage of the case and the relief sought." *Citizens Insurance Company of America v. Mullins Food Products, Inc.*, 2024 WL 809111, at *1 (N.D. Ill. Feb. 27, 2024). The Federal Rules thus recognize the Court's "inherent authority to reconsider its" prior orders. *Id.*

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Motions for reconsideration under Rule 54(b) generally 'serve the limited function of correcting manifest errors of law or fact.'" *Citizens Insurance*, 2024 WL 809111, at *2 (quoting *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 902 (N.D. Ill. 2015)). A motion for reconsideration is thus "'appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (quoting *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

**II.     Allergan Did Not Concede That Relators Adequately Pled an FCA Conspiracy Between Allergan and Dr. Bierman and Should Not Be Foreclosed From Contesting the Alleged Conspiracy at the Pleadings Stage.**

**A.     Allergan Did Not Concede That Relators Adequately Pled an FCA Conspiracy Between Allergan and Dr. Bierman.**

The Court determined that "Allergan concedes that Relators have plausibly alleged a conspiracy between it and Dr. Bierman" because Allergan's "opening brief states: 'Relators nowhere allege—let alone with particularity—that any doctor *other than Dr. Bierman* had an express *quid pro quo* or other unlawful agreement with Allergan.'" Order at 47-48 (quoting Dkt. 133 at 20). Therefore, the Court held that "Allergan has waived its right to contest the sufficiency of Relators' allegation of conspiracy with Dr. Bierman at the pleading stage." *Id*. at 48.

The cited argument concerning a *quid pro quo*, however, notes only that Relators have alleged an agreement between Relator Wilkerson and Dr. Bierman that would potentially violate *the AKS*. Such an agreement is not alone sufficient to allege a conspiracy to violate *the FCA* with the specificity required by Fed. R. Civ. P. 9(b).

As the Court notes throughout the Order, the AKS and FCA are different statutes, and violating one does not mean a defendant has necessarily violated the other. *See* Order at 20, 22, 25, 26, 29, 30, 46. This is true not only of the substantive FCA provisions under 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B), but also of the conspiracy provision under 31 U.S.C. § 3729(a)(1)(C). *See id.* § 3729(a)(1)(C) (creating liability for one who "conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G)" of the FCA). Therefore, the "relevant question is whether the plaintiffs have sufficient evidence of a conspiracy between [the defendant] and the [third party] to 'commit a violation of' *the FCA*." *U.S. ex rel. Lisitza v. Par Pharmaceutical Companies, Inc.*, 276 F. Supp. 3d 779, 806 (N.D. Ill. 2017) (emphasis added).

3

To conspire to violate the FCA, an agreement must be to defraud *the government specifically*. *United States ex rel. Ibanez v. Bristol-Myers Squibb Company*, 874 F.3d 905 (6th Cir. 2017), is instructive. In *Ibanez*, "[t]he alleged plan was to increase . . . prescriptions through improper promotion." *Id*. at 917. The Court found that, "[w]hile this may be condemnable, it does not amount to a conspiracy to violate the FCA," because "[e]ven if it was foreseeable that somewhere down the line off-label prescriptions . . . would be submitted to the government for payment, that foreseeable consequence does not subsume the aim of the agreement." *Id*. The Court continued:

> In other words, to adequately allege an FCA conspiracy, it is not enough for relators to show there was an agreement that made it *likely* there would be a violation of the FCA; they must show an agreement was made *in order* to violate the FCA. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 27 (2d Cir. 2016) (affirming the holding that a "claim of conspiracy to violate the FCA was deficient because the [complaint] 'fails to identify a specific statement where [defendants] agreed to defraud the government'").

*Id*. (emphases in original).

Like in *Ibanez*, Relator Wilkerson alleged that he had an agreement with Dr. Bierman to *increase prescriptions* of Linzess and Viberzi[1]—not to violate the FCA or to defraud the

---

[1] To be clear, Allergan did not concede that Relators have alleged that anyone at Allergan other than Relator Wilkerson himself entered into a *quid pro quo* agreement with Dr. Bierman. While Allergan did not contest at the motion-to-dismiss stage that liability for such an agreement by Relator could be *attributed to* Allergan, that is not the same thing as conceding that high-level employees at Allergan *participated in* the alleged conspiracy. Allergan's reply brief made this point explicit. *See* Dkt. 141 at 13 n.10 ("Those allegations of a *quid pro quo involving Relator Wilkerson and a single doctor in Tennessee* are plainly insufficient to sustain Relators' broader conspiracy claims." (emphasis added)). And Allergan's opening brief argued extensively that Relators have not identified anyone in any leadership role who allegedly acted improperly, let alone entered into any agreement of any kind with Dr. Bierman. *See, e.g.*, Dkt. 133 at 12 ("Beyond a vague reference to 'the highest level of management,' Relators never even try to explain who 'devised' or 'implemented' Allergan's alleged nationwide scheme."); *id*. ("[T]he TAC is almost entirely devoid of allegations concerning employees at Allergan's U.S. headquarters."); *id*. at 13 ("Relators also fail to explain what role national management played in the supposed scheme."). Against that backdrop, the opening brief's reference to Dr. Bierman's alleged "express *quid pro* (continued…)

4

government—and therefore Allergan has not conceded that there was a conspiracy to violate the FCA. Such a *quid pro quo* agreement may make "it likely there would be a violation of the FCA," but that "is not enough" to state an FCA conspiracy claim. *Id.*[2]

### B. Allergan Should Not Be Foreclosed From Contesting the Alleged Conspiracy Between Allergan and Dr. Bierman at the Pleadings Stage.

For the same reasons that Allergan did not concede that Relators have adequately pleaded an FCA conspiracy involving Dr. Bierman, they also have not waived their right to dispute the sufficiency of Relators' allegations with respect to such a conspiracy. As the Seventh Circuit has explained, "[a] waiver is an intentional relinquishment of a known right, which means that it must be voluntary and knowing." *Bayo v. Chertoff*, 535 F.3d 749, 755 (7th Cir. 2008). And as already explained, Allergan did not intentionally, voluntarily, or knowingly agree to waive its argument that Relators have failed to allege an FCA conspiracy, including with respect to Dr. Bierman.

Indeed, it is notable that Relators' Opposition Brief did not claim that Allergan waived any argument concerning whether Relators' conspiracy claim was properly pled with respect to Dr. Bierman. Instead, that brief noted "Allergan's argument that Relators *have not pleaded a conspiracy claim*." Doc. 137 at 18 (emphasis added). While Relators asserted that they had

---

quo or other unlawful agreement with Allergan," *id.* at 20, should not be read as a concession that Relators have alleged that high-level employees at Allergan participated in the alleged *quid pro quo* arrangement.

[22] In addition, when dismissing Relators' substantive FCA claims, the Court made a passing reference, which it did not rely upon in deciding the motion, to Allergan "conceding that Relators have pleaded illegal quid pro quo relationships with a small number of physicians with the requisite particularity." Order at 40. That, too, misunderstands Allergan's position. First, Allergan did not argue or concede that a *quid pro quo* had been alleged with respect to "a small number of" other doctors besides Dr. Bierman. *See, e.g.*, Dkt. 133 at 20 ("Relators nowhere allege—let alone with particularity—that any doctor other than Dr. Bierman had an express quid pro quo or other unlawful agreement with Allergan.'"). Second, while Allergan noted in its motion that Relators' allegations concerning Dr. Bierman were made "with greater specificity," *id.* at 19, it did not concede that those allegations satisfied Rule 9(b) for purposes of either Relators' substantive FCA claims or their conspiracy claim.

5

adequately pled such a conspiracy with respect to Dr. Bierman, they did *not* claim that Allergan made any concession or waiver with respect to that claim. In fact, Relators' discussion of the conspiracy claim did not quote from or even cite Allergan's opening brief, including only a passing reference to "Allergan's constricted reading of the TAC." *Id.*

This Court should reconsider its decision to *sua sponte* find that Allergan waived any defense at the motion-to-dismiss stage with respect to Relators' FCA conspiracy claim as it relates to Dr. Bierman. As the Seventh Circuit has "instruct[ed]," "district judges should not venture into the role of advocate by conducting a party's research, crafting arguments on a party's behalf, or *sua sponte* deciding issues without the benefit of adversarial presentation." *United States v. Hecke*, 2021 WL 3486593, at *4 (N.D. Ind. Aug. 9, 2021) (citing *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) ("Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel."); and *Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 738 (7th Cir. 2008) (when a "[district] judge [acts] sua sponte, the parties [are] unable to provide their views and supply legal authorities.")). The Seventh Circuit's instruction as to *sua sponte* rulings is particularly relevant here where the Court foreclosed Allergan from making an argument as to the sufficiency of a future Bierman-centered FCA conspiracy claim while dismissing the current count and noting it was "skeptical that Relators have properly alleged a conspiracy to violate the FCA as to any doctor." Order at 47.

Allergan should thus be permitted to contest the sufficiency of Relators' allegation of an FCA conspiracy with Dr. Bierman at the pleading stage with respect to a future amended complaint. This outcome is consistent with the cases cited by the Court concerning waiver, which concerned unambiguous statements by litigants that they were not pursuing certain claims or arguments, with subsequent attempts to reverse course. In *Walker v. Baldwin*, 74 F.4th 878 (7th

6

Cir. 2023), the plaintiff had unequivocally stated that the "Defendants also violated" the Religious Land Use and Institutionalized Persons Act (RLUIPA), "but that act does not include a damages remedy and so the RLUIPA claim is not being pursued." *Id.* at 881. The court held them to it and did not let them later pursue a RLUIPA claim. In *Bradley v. Village of University Park*, 59 F.4th 887 (7th Cir. 2023), defendants tried to dispute that the plaintiff had a property interest in his position as police chief after having stated earlier in the proceedings that they were not disputing the issue. *Id.* at 898–99. The court did not allow them to walk away from the concession.

Here, by contrast, Allergan never stated that it was not disputing that Relator had adequately alleged the existence of an FCA conspiracy between it and Dr. Bierman. To the contrary, Allergan made clear that the *entirety* of Relators' conspiracy claim should be dismissed, including because they had failed to state an underlying FCA violation. *See* Dkt. 133 at 21 ("Moreover, for the same reasons Relators have failed to plead the underlying fraud with particularity, they have also failed to plead with particularity conspiracy to commit that same fraud."); Dkt. 141 at 13 n.10 ("As the 'complaint fails to allege an FCA violation,' it 'fails to show actual injury resulting from any conspiracy to defraud the government'" (quoting *U.S. ex rel. Kietzman v. Bethany Circle of King's Daughters of Madison*, 305 F. Supp. 3d 964, 980 (S.D. Ind. 2018)). *Accord Lesnik v. Eisenmann SE*, 374 F.Supp.3d 923, 940 (N.D. Cal. 2019) ("Numerous courts have found that an underlying violation of the other subparagraphs constituting a claim under the FCA is required to state a claim for conspiracy to commit a violation of the FCA.") (collecting cases). Instead, Allergan argued only that Relators alleged a *quid pro quo* agreement

7

between Relator Wilkerson and Dr. Bierman, which, as described above, could potentially violate the AKS, but does not standing alone suffice to allege an FCA conspiracy.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration should be granted and, if Relators choose to amend their complaint, Allergan should be permitted to contest the sufficiency of the allegations of an FCA conspiracy between Allergan and Dr. Bierman.

Dated: April 5, 2024

Matthew J. O'Connor*
Patrick M. Phelan*
**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, D.C. 20001
Tel: (202) 662-6000
Email: moconnor@cov.com
      pphelan@cov.com

*Admitted Pro Hac Vice*

Respectfully submitted,

/s/ Sherri M. Arrigo
Sherri M. Arrigo
Timothy L. Hogan
**DONOHUE, BROWN, MATHEWSON & SMYTH LLC**
131 South Dearborn Street, Suite 1600
Chicago, IL 60603
Tel: (312) 422-0900
Email: arrigo@dbmslaw.com
      hogan@dbmslaw.com

***Attorneys for Defendant Allergan USA, Inc.***

## **CERTIFICATE OF SERVICE**

I, Sherri M. Arrigo, counsel for Defendant Allergan USA, Inc., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 5th day of April 2024.

/s/ Sherri M. Arrigo
Sherri M. Arrigo